IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF MISSISSIPPI
WESTERN DIVISION

EDWARD BROWN

                                                    PLAINTIFFS

V.                                      CIVIL ACTION NO.: 5:16-cv-124-KS-MTP

WILKINSON COUNTY SHERIFF DEPARTMENT, ET AL      DEFENDANTS

REGINALD LEE JACKSON, ED ALEXANDER,
RICHARD L. HOLLINS, WILL SEAL, VENTON
MCNABB, KENYON JACKSON, JENNINGS NETTLES'
MOTION FOR JUDGMENT ON PLEADINGS AS TO FEDERAL CLAIMS

      Comes now Reginald Lee Jackson, Ed Alexander, Richard L. Hollins, Will Seal, Venton McNabb, Kenyon Jackson, and Jennings Nettles, by and through counsel and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit their Motion for Judgment on the Pleadings. In support of the same, the moving defendants would show unto the Court as follows:

      1.     According to Plaintiff's Complaint, on August 17, 2015, he was arrested by the Wilkinson County Sheriff's Department and incarcerated in the Wilkinson County Correctional Facility ("WCCF"). *CM/ECF Doc. No. 1*, p. 4. While incarcerated in the WCCF, Plaintiff contends that he "was attacked by sheriff officers and inmates." *Id*. Plaintiff asserts that these unidentified officers "struck, kicked and severely beat" him "without provocation." *Id*. Plaintiff further contends that after beating him, the defendants "left [him] lying unconscious on the jail floor." *Id*. at 5.

2. On December 14, 2016, Plaintiff filed suit in this Court asserting claims under both state and federal law. Plaintiff's federal claims must be dismissed, or in the alternative, the Court must order a Schultea Reply with information sufficient to negate moving Defendants' qualified immunity defense.

3. Plaintiff asserts a number of federal claims: (1) false imprisonment/false arrest; (2) violation of due process; (3) violation of right to counsel; (4) violation of right to equal protection; (5) conspiracy; (6) failure to intervene; (7) discrimination; (8) cruel and unusual punishment in violation of Eighth Amendment; (9) failure to train, supervise and discipline.

4. Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001).

5. The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." *Wren v. Towe,* 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. See *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); see also L.U. Civ R. 16.1(B)(4).

**6.** To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995.

7. Here, Plaintiff wholly fails to provide substantive factual details specifying how any of the moving defendants directly participated in any alleged unconstitutional conduct. To the contrary, Plaintiff merely provides the very type of broad, conclusory collective allegations prohibited by the heightened pleading standard. *Compl.*, p. 6-7. See *Bivens v. Forrest Cnty.*, No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015)(holding that "collective allegations" against multiple defendants are insufficient to meet the heightened pleading standard).

8. Because Plaintiff has failed to meet the heightened pleadings standard, his federal claims against the individual defendants must be dismissed. In the alternative, this Court should order a *Schultea* Reply requiring Plaintiff to provide information sufficient to overcome each individual Defendants' qualified immunity defense. *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995).

9. Furthermore, Plaintiff's claims against Defendants Richard L. Hollins, Will Seal, Venton McNabb, and Jennings Nettles in their individual capacities arise out the

Defendants' legislative acts as members of the Wilkinson County Board of Supervisors. For example, Plaintiff alleges, "The Wilkinson County Board of Supervisors has established policies and procedures for the Wilkinson County Sheriff['s] Department regarding the use of force, and regarding the provision of medical service[s] to prisoners and detainees." *Compl.*, p. 13.

10. These Defendants are entitled to dismissal because, as a matter of law, they are not policymakers for law enforcement matters in Wilkinson County. Rather, "[s]heriffs in Mississippi are final policymakers with respect to all law enforcement decisions made within their counties. *Brooks v. George Cty., Miss.*, 84 F.3d 157, 165 (5th Cir. 1996)(citing *Huddleston v. Shirley*, 787 F. Supp. 109, 112 (N.D. Miss. 1992); Miss. Code Ann. § 19–25–1, *et seq.).*

11. Alternatively, Plaintiff's allegations in support of his claims against the members of the Board of Supervisors in their individual capacities, namely the promulgation of policies for law enforcement or failure to promulgate the same, arise solely out their acts as local legislators. In *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S. Ct. 966, 970, 140 L. Ed. 2d 79 (1998), the United State Supreme Court recognized that "local legislators are…absolutely immune from suit under § 1983 for their legislative activities." Thus, even if Plaintiff could show that Defendants Hollins, Seal, McNabb, and Nettles are charged with promulgating policies, ordinances for the protection or care of inmate in Wilkinson County, the Defendants would be entitled to absolute immunity for these acts.

4

WHEREFORE, PREMISES CONSIDERED, the moving defendants respectfully request that this Court dismiss all federal claims asserted against them.

**Date: February 7, 2017.**

>Respectfully submitted,
>
>**REGINALD LEE JACKSON, ED ALEXANDER, RICHARD L. HOLLINS, WILL SEAL, VENTON MCNABB, KENYON JACKSON, and JENNINGS NETTLES**
>
>By: /s/ William R. Allen
>　　　One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for defendant, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notification to the following:

    Charles E. Miller, Esq.
    Miller and Miller Attorneys at Law
    P.O. Box 1303
    McComb, MS 39649
    charlesemiller@millerlawyers.com

    Danny J. Griffith, Esq.
    Mary McKay Lasker, Esq.
    JACKS GRIFFITH LUCIANO, PA
    P.O. Box 1209
    Cleveland, MS 38732-1209
    dgriffith@jlpalaw.com
    mlasker@jlpalaw.com

This the 7th day of February, 2017.

                                                  /s/ William R. Allen
                                                  OF COUNSEL