IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**EDWARD BROWN**                                                                                 **PLAINTIFF**

V.                                                                **CA NO: 5:16-cv-124-KS-MTP**

**WILKINSON COUNTY SHERIFF DEPARTMENT:**
Reginald Lee Jackson, individually and in his official capacity
as Wilkinson County Sheriff;
Ed Alexander, individually and in his official capacity
as a deputy of Wilkinson County Sheriff Department;
C. L. Thompson, individually and, in his official capacity
as a Deputy of Wilkinson County Sheriff Department;
Gloria Ashford, individually and, in her official capacity
as a Deputy of Wilkinson County Sheriff Department;
Wilkinson County Board of Supervisors;
Richard L. Hollins, individually and in his official capacity;
Will Seal, individually and in his official capacity;
Venton McNabb, individually and in his official capacity;
Kenyon Jackson, individually and in his official capacity;
Jennings Nettles, individually and in his official capacity;
and Inmates, Greg Chambers, Kendrick Davis, and
Darrius Kilburn                                                 **DEFENDANTS**

**WILKINSON COUNTY SHERIFF DEPARTMENT, WILKINSON
COUNTY BOARD OF SUPERVISORS, SHERIFF REGINALD
JACKSON, DEPUTY ED ALEXANDER, RICHARD L. HOLLINS, WILL
SEAL, VENTON MCNABB AND JENNINGS NETTLES'
<u>MOTION TO DISMISS STATE LAW CLAIMS</u>**

Come now Wilkinson County Sheriff Department, Wilkinson County Board of Supervisors, Reginald Lee Jackson, Ed Alexander, Richard L. Hollins, Will Seal, Venton McNabb and Jennings Nettles, by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and submit their Motion to Dismiss State Law Claims as follows:

1. According to Plaintiff's Complaint, on August 17, 2015, he was arrested by the Wilkinson County Sheriff's Department and incarcerated in the Wilkinson County Correctional Facility ("WCCF"). *CM/ECF Doc. No. 1*, p. 4. While incarcerated in the WCCF, Plaintiff contends that he "was attacked by sheriff officers and inmates." *Id*. Plaintiff asserts that these unidentified officers "struck, kicked and severely beat" him "without provocation." *Id*. Plaintiff further contends that after beating him, the defendants "left [him] lying unconscious on the jail floor." *Id*. at 5.

2. On December 14, 2016, Plaintiff filed suit in this Court asserting claims under both state and federal law. Plaintiff's state law claims are all due to be dismissed.

3. Plaintiff asserts state law claims against the defendants for (1) assault and battery and (2) negligence. *Compl.*, p. 15-16.

4. Plaintiff's claims for assault and battery and negligence fail as to the WCBOS and WCSD[1]. The Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1 *et seq.* is Plaintiff's remedy against a political subdivision under state law. Miss. Code Ann. 11-46-7(1); *City of Tupelo v. Martin*, 747 So. 2d 822, 826 (Miss. 1999).

5. Plaintiff's claims against WCBOS and the WCSD for assault and battery are barred, as the MTCA specifically exempts them from liability for such claims. See, Miss. Code Ann. § 11-46-5(1); Miss. Code Ann. § 11-46-3. Section 11-46-7(2) of the Act provides that governmental entities **shall not be liable** or **be considered to have waived immunity** for conduct of an employee that "constitutes fraud, malice libel, slander, defamation or **any criminal offense** other than traffic violations." See also Miss. Code Ann. § 11-46-

---

[1] Significantly, neither the Board of Supervisors nor the Sheriff's Department are political subdivisions amenable to suit and both have a pending Motion to Dismiss on that basis.

7(2)(emphasis added). Inasmuch as both an assault and battery are criminal acts, they are outside the course and scope of any employee's employment. Thus, neither the WCBOS, nor WCSD can be held liable for the same.

6. Plaintiff's negligence claim against the WCBOS and the WCSD is barred by the inmate exception. Miss. Code Ann. § 11-46-9(1)(m); *Wallace v. Town of Raleigh*, 815 So.2d 1203 (Miss. 2002). Here, it is undisputed that the conduct about which the Plaintiff complains—his allegedly being "beaten"—occurred while he was incarcerated in the WCCF. *Compl.*, p. 16. As a result, the inmate exception wholly bars Plaintiff's negligence claims.

7. In Counts Thirteen and Fourteen, Plaintiff asserts claims for relief under the theories of *Respondeat Superior* and indemnification. *Compl.*, at 16. Both claims presuppose liability on the part of an employee. See, *Franklin v. Turner*, No. 2014-CA-01006-COA, 2016 WL 1203838, at *3 (Miss. Ct. App. Mar. 29, 2016)(quoting *Parmenter v. J & B Enters., Inc.*, 99 So.3d 207, 215–16 (¶ 14) (Miss. Ct. App. 2012)). However, there is no underlying liability here as explained below.

8. Plaintiff's claim against Sheriff Jackson, Deputy Alexander, Mr. Hollins, Mr. Seal, Mr. McNabb and Mr. Nettles for assault and battery in their individual capacities fail as Plaintiff has not provided any allegations tying them to such conduct.

9. Furthermore, any assault and battery claim is also barred by the statute of limitations. Assault and battery are intentional torts that are not covered by the MTCA and, as such, the statute of limitations is governed by Section 15-1-35 of the Mississippi Code. Inasmuch as Plaintiff contends that he was assaulted and battered on August 17, 2015, he had until August 17, 2016, to make a claim for assault and battery. Plaintiff filed suit on

December 14, 2016, approximately four (4) months after the statute of limitations expired. Plaintiff's assault and battery claims against the individual defendant are, therefore, barred.

10. To the extent Plaintiff is asserting his negligence claim against the individual defendants, the same is barred by the MTCA. First, any claim against the individual defendants is barred by Section 11-46-7 which specifically prohibits personal liability for conduct an employee commits while acting the course and scope of his employment. Miss. Code Ann. §11-46-7. Plaintiff's Complaint specifically asserts that the individual defendants were acting "within the scope of their employment…" *Compl.*, at 16. Thus, the individual defendants cannot have any personal liability for Plaintiff's claims.

11. In addition, even if Plaintiff's negligence claim was not barred by Section 11-46-7, the claim would be barred by the inmate exception. Miss. Code Ann. §11-46-9(1)(m). As previously noted, the inmate exception bars any claim that arises while the claimant is an inmate of any detention center, jail, work house, penal farm, penitentiary or other such institution. Miss. Code Ann. § 11-46-9(1)(m). Plaintiff's claims arise out of his being assaulted in the WCDC and, therefore, are barred by the inmate exception.

12. In addition, Plaintiff's Complaint seeks punitive damages; however, Section 11-46-15 of the MTCA provides that the "[n]o judgment against a governmental entity…for any act or omission for which immunity is waived under this chapter shall include an award for exemplary or **punitive damages or for interest prior to judgment.**..." Miss. Code Ann. §11-46-15 (emphasis added).

13. Plaintiff also demands a jury in this matter. Nevertheless, Section 11-46-13(1) of the MTCA specifically provides that "the judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter." Miss. Code

4

Ann. § 11-46-13(1). As a result, the defendants are entitled to a bench trial as to the state law claims under the MTCA.

WHEREFORE, PREMISES CONSIDERED, the moving defendants respectfully request this Court dismiss all state law claims asserted against them. Should the Court not dismiss the state law claims, the defendants would request this court strike Plaintiff's demands for punitive damages and a jury trial as to the state law claims.

**DATE:** February 7, 2017.

Respectively Submitted,

**WILKINSON COUNTY SHERIFF DEPARTMENT, WILKINSON COUNTY BOARD OF SUPERVISORS, SHERIFF REGINALD JACKSON, DEPUTY ED ALEXANDER, RICHARD L. HOLLINS, WILL SEAL, VENTON MCNABB AND JENNINGS NETTLES**

BY: /s/ William R. Allen
     One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegal.com

**CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for defendant, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of the Court using the ECF system which gave notification to the following:

> Charles E. Miller, Esq.
> Miller and Miller Attorneys at Law
> P.O. Box 1303
> McComb, MS 39649
> charlesemiller@millerlawyers.com
>
> Danny J. Griffith, Esq.
> Mary McKay Lasker, Esq.
> JACKS GRIFFITH LUCIANO, PA
> P.O. Box 1209
> Cleveland, MS 38732-1209
> dgriffith@jlpalaw.com
> mlasker@jlpalaw.com

This the 7th day of February, 2017.

                                                  /s/ William R. Allen
                                                  OF COUNSEL