IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
*WESTERN DIVISION*

**EDWARD BROWN**                                                                                    **PLAINTIFF**

**V.**                                                                    **CAUSE NO.:**

**Wilkinson County, Wilkinson County Sheriff Department:**
**Reginald Lee Jackson,** individually, and in his official capacity
as Wilkinson County Sheriff;
**Ed Alexander,** individually, and in his official capacity
as a deputy of Wilkinson County Sheriff Department;
**C. L. Thompson,** individually, and in his official capacity
as a Deputy of Wilkinson County Sheriff Department;
**Gloria Ashford,** individually, and in her official capacity
as a Deputy of Wilkinson County Sheriff Department;
**Wilkinson County Board of Supervisors:**
**Richard L. Hollins,** individually, and in his official capacity;
**Will Seal,** individually, and in his official capacity;
**Venton Mcnabb**, individually, and in his official capacity;
**Kenyon Jackson,** individually, and in his official capacity;
**Jennings Nettles,** individually, and in his official capacity;
and **Inmates, Greg Chambers, Kendrick Davis, and
Darrius Kilburn**                                                                                 **DEFENDANTS**

## AMENDED COMPLAINT
*(Jury Trial Demanded)*

**COMES NOW**, the Plaintiff, Edward Brown, and states his causes of action for damages for violation of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §§1981, 1982, 1983, 1985 and 1988 and related statutes and under common law and state statutes, as follows:

## INTRODUCTION

**THIS ACTION SEEKS** all legal and injunctive remedies for the unlawful acts against the Plaintiff, Edward Brown, by public officials and/or administration of Wilkinson County, the Wilkinson County Sheriff Department, and certain individuals, denying and/or in violation of the Plaintiff, Edward Brown's, federal and state statutory rights. The Plaintiff seeks relief from and against the defendants for failure, refusal, and/or neglecting to prevent such deprivation and denial of the plaintiff's rights as protected by the United States Constitution, the Constitution of the State of Mississippi and applicable statutory laws.

## JURISDICTION

This action is brought pursuant to 28 U.S.C. §§1981, 1982, 1983, 1985, and 1988 to redress the deprivation under color of law of the Plaintiff's rights as secured by the United States Constitution.

This Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1367, 1343. Venue is proper under 28 U.S.C. §§1391. The parties reside in this judicial district, and the events giving rise to claims asserted herein occurred.

## II.

## PARTIES

Plaintiff, **Edward Brown**, is an adult resident citizen of Wilkinson County, Mississippi.

## DEFENDANTS

The Defendant, **Wilkinson County,** is a governmental entity that service of process may be served on its Board of Superisors at their place of business address, 525 Main Street,

Woodville, Mississippi 39669.

The Defendant, **Wilkinson County Board of Supervisors**, is a governmental entity that may be served with process at its business address, 525 Main Street, Woodville, Mississippi 39669.

The Defendant **Sheriff Reginald Lee Jackson**, individually, and in his official capacity, was at the time described in this complaint, Sheriff of Wilkinson County Mississippi, and may be served with process at his office at 1389 U.S. Highway 61 South, Woodville, Mississippi 39669.

The Defendant, **Ed Alexander**, is a Sheriff Deputy of Wilkinson County, Mississippi, and is being sued in his official capacity as well as in his individual capacity. He may be served with process at his place of employment, 1389 U.S. Highway 61 South, Woodville, Mississippi 39669.

The Defendant, **C. L. Thompson**, is a Sheriff Deputy of Wilkinson County, Mississippi, and is being sued in his official capacity as well as in his individual capacity. He may be served with process at his place of employment, 1389 U.S. Highway 61 South, Woodville, Mississippi 39669.

The Defendant, **Gloria Ashford**, is a Sheriff Deputy of Wilkinson County, Mississippi, and is being sued in her official capacity as well as in her individual capacity. She may be served with process at her place of employment, 1389 U.S. Highway 61 South, Woodville, Mississippi 39669.

The Defendant, Wilkinson County Supervisor, **Richard L. Hollins**, individually, and in his official capacity as a duly elected member of the Wilkinson County Board of Supervisors, may be served with process at his office at 525 Main Street, Woodville, Mississippi 39669.

The Defendant, Wilkinson County Supervisor, **Venton McNabb**, individually, and in his official capacity as a duly elected member of the Wilkinson County Board of Supervisors, may be served with process at his office at 525 Main Street Woodville, Mississippi 39669.

The Defendant, Wilkinson County Supervisor, **Kenyon Jackson**, individually, and in her official capacity as a duly elected member of the Wilkinson County Board of Supervisors, may be served with process at his office at 525 Main Street Woodville, Mississippi 39669.

The Defendant, Wilkinson County Supervisor, **Jennings Nettles**, individually, and in his official capacity as a duly elected member of the Wilkinson County Board of Supervisors, may be served with process at his office at 525 Main Street, Woodville, Mississippi 39669.

The Defendant, Wilkinson County Supervisor, **Will Seal**, individually, and in his official capacity as a duly elected member of the Wilkinson County Board of Supervisors, may be served with process at his office at 525 Main Street, Woodville, Mississippi 39669

The Defendant, **Greg Chambers**, may be served with process at the Wilkinson County Sheriff Department.

The Defendant, **Kendrick Davis**, may be served with process at the Wilkinson County Sheriff Department.

The Defendant, **Darius Kilburn**, may be served with process at the Wilkinson County Sheriff Department.

### III.

### FACTS

The plaintiff, Edward Brown, is a 37 year old black male born the May 4, 1979. Brown resides in Wilkinson County, in the State of Mississippi. The plaintiff is a lifelong resident of Wilkinson County. The plaintiff attended Amite County High School, and later

completed trucking driving school. At the time of the incident complained of herein, the plaintiff, Edward Brown, was employed rebuilding engines. Edward Brown has one child.

On August 17, 2015 Edward Brown was arrested by the Wilkinson County Sheriff Department. He was booked and placed in a jail cell. While in the custody of the Wilkinson County Sheriff Department, on August 18, 2015, Edward Brown was attacked by sheriff officers and inmates. The Defendants, deputy sheriffs and individual inmates, brutally beat Edward Brown. They struck, kicked, and severely beat the plaintiff, all without provocation.

As a result of this brutal beating, the plaintiff, Edward Brown, suffered serious and life threatening injuries; including, but not limited to, head injuries, a subdural hematoma, contusion of the brain stem, brain swelling, nose fracture, orbital wall fracture, contusion of the eye, blood clot in the vein, and fracture of multiple ribs. The plaintiff's beating at the hands of the Defendants constituted cruel and unusual conditions of confinement,

After the beating, Edward Brown was left lying unconscious on the jail floor. The defendants laughed and joked that Brown was faking his condition. After a period of time passed, the deputies contacted their superior officer, LaShay Grayson, who upon seeing the condition of the Plaintiff, finally called for medical assistance. The plaintiff was transported to Natchez Hospital by ambulance where he was stabilized, then transported by air to University Medical Center in Jackson, Mississippi.

Brown arrived at University Medical Center on August 18, 2015. On his arrival the medical staff recorded his condition as follows:

Edward Brown is a 36 year old male prisoner, assaulted while in custody. He was kicked repeatedly in head, 1st day of prison; supposedly had seizure activity prior to EMS

arrival to scene but none since then. Upon arrival to UMC was moving all extremities spontaneously, combative, unable to tell if eyes opened. History provided by ex-wife. Administered glycopyrrolate and neostigmine to reverse paralytic.

On August 19, 2015 the medical staff noted as follows:

> **8/19/2015 Impression:**
> "Right 8th rib fracture. Right 9th rib fracture in two places. Some images suggest a trace underlying right posterolateral pneumothorax. Tree in bud opacities in the superior segment of the left lower lobe and posterior segment of the right upper lobe suggestive of aspiration/pneumonia. No evidence of acute thoracic aortic injury. However, there is suggestion of pre-existing ectasia of the aortic root, which measures up to approximately 4.3 cm in diameter on this non-EKG- gate scan. Referral to a cardiovascular specialist is recommended for further assessment. Right flank subcutaneous contusion. Liver laceration in the left hepatic lobe, adjacent to the falciform ligament, approximately 4 cm in length (Grade II AAST); alternatively, some or all of this inttrahepatic hypodesity could be related to focal fatty infiltration and an accessory fissure. Consider short-term follow-up imaging Trace free pelvic fluid."

The Plaintiff was hospitalized at the University Medical Center from August 18, 2015 until his discharge on October 1, 2015. The plaintiff's discharge diagnosis was as follows:

> **Principal Problem:** TBI (traumatic brain injury) **Active Problems:** Traumatic subarachnoid hemorrhage; SDH (subdural hematoma); Contusion of brain stem; Cerebral edema; Nasal bone fractures; Orbital wall fractures, left; Multiple fractures of ribs of right side; Cerebral salt-wasting syndrome; Acute deep venous thrombosis.

## IV.
## ADDITIONAL FACTS

The complaint filed on December 14, 2016 included information regarding the attack on the Plaintiff, Edward Brown, during that attack upon information and belief **Gloria Ashford**, a

Sheriff Deputy of Wilkinson County, Mississippi, could be heard chanting "get him, get him". It was also reported upon information and belief the other officers that participated in inflicting injury during the attack of the Plaintiff walked away with Plaintiff's blood splatter on their shoes. Plaintiff was left unattended lying in own blood.

Additionally, upon information and belief there was surveillance video footage in the Wilkinson County Jail which is in the custody of the Wilkinson County Sheriff.

## V.
## COUNT ONE:
*False Imprisonment and False Arrest (42 U.S.C.§ 1983)*

The Plaintiff incorporates herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

On August 17, 2015 the Plaintiff was arrested by the defendant, County of Wilkinson, Wilkinson County Sheriff Department, without an arrest warrant or even a charging affidavit having been filed. The arresting officers did not inform the Plaintiff of his charges. The officers did not inform the plaintiff of his right to an attorney. No arrest warrant or affidavit was ever filed against Edward Brown.

The Plaintiff was taken to the Wilkinson County Jail, where he was held without the benefit of counsel. The officers presented no evidence of an investigation or documents connecting the Plaintiff to the crime of discharge of a fire arm. The Plaintiff was held against his will. The arrest and imprisonment of the Plaintiff was in violation of the Plaintiff's constitutional rights. The actions herein against the Plaintiff are consistent with prior actions of the defendants.

As described more fully above, all of the defendants, while acting individually,

jointly and in concert, as well as under color of law, and within the scope of their employment, deprived the Plaintiff of his constitutional rights.

As a result of this violation, the Plaintiff suffered injuries, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above.

The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

The misconduct described in this case was undertaken pursuant to a policy and practice of the Wilkinson County Sheriff Department.

### COUNT TWO:
*Due Process Violation (42 U.S.C. §1983)*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

As described more fully above, all of the Defendants, Board of Supervisors, Sheriff, and Deputies, while acting individually, jointly, and in conspiracy, as well as under color of law, and within the scope of their employment, deprived Plaintiff of his constitutional right of a fair and just process.

In the manner described more fully above, the Defendant deliberately failed to conduct an investigation, failed to collect evidence, thereby misleading and misdirecting the criminal prosecution of the Plaintiff. Absent this action the arrest of the Plaintiff could not and would not have occurred.

The Defendant Officers' misconduct also directly resulted in the unjust arrest, criminal charge and imprisonment of the Plaintiff, thereby denying him of his constitutional

right to a fair process in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

As a result of this violation of his constitutional right to a fair process, Plaintiff suffered injuries, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above.

The misconduct described in this case was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

The misconduct described herein was undertaken pursuant to a policy and practice of the Wilkinson County Sheriff Department in the manner described more fully above.

## COUNT THREE
### Sixth Amendment (42 U.S.C. §1983)

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

As described more fully above, one or more of the Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff his right to counsel in violation of his constitutional rights.

As a result of these violations, the Plaintiff suffered injuries, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above.

The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

The misconduct described in this case was undertaken pursuant to a policy and practice of the Wilkinson County Sheriff Department in the manner described more fully above.

## COUNT FOUR
*Equal Protection (42 U.S.C. §1983)*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

As described more fully above, Defendants, Board of Supervisors, Sheriff, and Deputies, all will acting individually, jointly, and in conspiracy, as well as under color of law within the scope of their employment, denied Plaintiff equal protection of the law in violation of his constitutional rights.

Specifically, these Defendants actively participated in, or personally caused, misconduct in terms of abusing minority criminal suspects in a manner calculated to bring about arrest, false imprisonment and severe unjust imprisonment. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected minorities in a grossly disproportionate manner vis-à-vis similarly- situated Caucasian individuals.

As a result of this violation, the Plaintiff suffered injuries, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above.

The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

The misconduct described in this case was undertaken pursuant to a policy and

practice of the Wilkinson County Sheriff Department in the manner described more fully above.

### COUNT FIVE
*Conspiracy to Deprive Plaintiff of Constitutional Rights (42 U.S.C. §1983)*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

As described more fully above, each of the Defendants, County of Wilkinson, Wilkinson County Board of Supervisors, the Wilkinson County Sheriff, and Deputies, conspired directly or indirectly, for the purpose of depriving the Plaintiff of equal protection of the law.

In so doing, Defendants took actions in furtherance of this conspiracy, causing serious injury to the Plaintiff.

The misconduct described in this case was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiff.

The misconduct described herein was undertaken pursuant to a policy and practice of the Wilkinson County Sheriff Department.

### COUNT SIX
*Failure to Intervene (42 U.S.C. §1983)*

Each of the preceding paragraphs of this Complaint is incorporated as if restated in full herein.

In the manner described above, during the constitutional violation described above, one or more of the Defendants stood by without intervening to prevent the misconduct.

As a result of the Defendant Officers' failure to intervene to prevent the violation of the Plaintiff's constitutional rights, the Plaintiff suffered injury, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above. The Defendants had a reasonable opportunity to prevent this harm, but failed to do so.

The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

The misconduct described in this case was undertaken pursuant to Wilkinson County Sheriff Department's policies and practices in the manner described in the preceding paragraphs.

## COUNT SEVEN
### *Discrimination (42 U.S.C. §1983)*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

As described more fully above, Defendants, Board of Supervisors, Sheriff, and Deputies, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of his constitutional rights.

Specifically, these Defendants actively participated in, or personally caused misconduct in terms of abusing minority criminal suspects in a manner calculated to bring about wrongful arrest, false imprisonment and severe unjust imprisonment. Said misconduct was motivated by racial animus and constituted purposeful discrimination; it also affected minorities in a grossly disproportionate manner vis-à-vis similarly-situated

Caucasian individuals.

As a result of this violation, the Plaintiff suffered injuries, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above.

The misconduct described herein was objectively unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

The misconduct described in this case was undertaken pursuant to a policy and practice of the Wilkinson County Sheriff Department in the manner described more fully above.

## COUNT EIGHT
### *Eighth Amendment (42 U.S.C. §1983)*

The Plaintiff, Edward Brown, was falsely arrested and falsely imprisoned, and while he was held in the Wilkinson County jail he was subjected to a brutal beating. Brown suffered multiple, serious injuries, including but not limited to a brain injury, leaving him with permanent physical and psychological deficits. Thus, while in the custody of the Defendants, Edward Brown suffered cruel and unusual conditions of confinement at the hands of the Defendants, including but not limited to: False arrest; False imprisonment; Infliction of physical injuries; Deprivation of reasonable and necessary medical care; and Unlawful and unreasonable seizure of Brown's person through the use of prolonged beating.

Brown's wounds and injuries were inflicted by the acts and omissions of the Defendants cited herein.

## COUNT NINE
### *Failure to Train, Supervise and Discipline (42 U.S.C. §1983)*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein:

As a direct and foreseeable consequence of Defendants, Wilkinson County Board of Supervisors, and the Wilkinson County Sheriff, and Deputies, conduct Plaintiff has suffered and continues to suffer from diagnosable emotional and mental injuries.

The misconduct described in this case was undertaken in violation of the Eighth Amendment.

As a proximate result of the Defendants' actions the Plaintiff suffered damages, including but not limited to, severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries, as are more fully described above.

## COUNT TEN
### *Wilkinson County Policy*

Plaintiff incorporates herein each and every preceding paragraph as if fully set forth herein and further alleges as follows:

The Defendant, Wilkinson County Sheriff Department, is a governmental entity with the authority and duty to protect persons in its custody, against such violation as described herein.

The Defendants, Wilkinson County Board of Supervisors, is the controlling board for Wilkinson County, in the State of Mississippi, and in this capacity has the duty to protect detainees from such violence as described herein.

The Wilkinson County Board of Supervisors has established policies and procedures for

the Wilkinson County Sheriff Department regarding the use of force, and regarding the provision of medical service to prisoners and detainees.

In establishing these procedures, the Wilkinson County Board of Supervisors had a duty, under the Fourth and Fourteenth Amendments to the Constitution of the United States, to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subject to the use of excessive force by the Wilkinson County Sheriff Department officers, or policies and procedures which created a substantial likelihood that the serious medical needs of prisoners and detainees would be treated with reckless indifference by the agents, servants and employees of the Wilkinson County Sheriff Department.

Notwithstanding its aforementioned duties, the Wilkinson County Board of Supervisors was guilty of one or more of the following wrongful acts or omissions in violation of the Plaintiff, Edward Brown's, Constitutional rights, in that it:

    **A.**    Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against the plaintiff, Edward Brown,

    **B.**    Had a custom and practice of failing to independently and adequately investigate complaints of excessive force,

    **C.**    Had a custom and practice of failing to effectively discipline or retrain officers who wrongfully utilized excessive force,

    **D.**    Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by officers.

    **E.**    Allowed the continuance in force and effect of policies and procedures which failed to protect detainees who sustained injury from reckless indifference to their serious

medical needs.

As a direct and proximate result of one or more of the foregoing wrongful acts or omissions of the Wilkinson County Board of Supervisors, the Plaintiff, Edward Brown, suffered a violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States; the plaintiff sustained serious and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries.

### COUNT ELEVEN
*Assault and Battery*

Plaintiff re-alleges the allegations of the aforesaid paragraphs of this Complaint as if the allegations were fully set forth herein.

At all times material, the Defendants, Wilkinson County Sheriff Deputies, had a duty as uniformed officers, and were acting in the scope of their employment as officers of the Wilkinson County Sheriff Department.

Officers' and inmates' actions as described herein constitute assault and battery under the common law of the State of Mississippi.

Said acts of the Defendants were done without cause or provocation by the Plaintiff, and with the intent to cause injury to Brown.

As a direct and proximate result of the Defendants' actions as described herein, Edward Brown suffered severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries.

### COUNT TWELVE
*Negligence and Gross Negligence or Willful and Wanton Misconduct*

The plaintiff, Edward Brown, re-alleges the allegations of the aforesaid paragraphs of this

Complaint as if the allegations were fully set forth herein.

At all times material, officers, individually and as agents, servants, and employees of Wilkinson County Sheriff Department, had a duty to refrain from causing injury to Edward Brown through negligence and gross negligence or willful and wanton misconduct.

The Defendants, the individual inmates, had a duty to refrain from causing injury to the plaintiff, Edward Brown, through their negligence and gross negligence or willful and wanton misconduct.

In breach of their duty to refrain from causing injury to the Plaintiff through their gross negligence or willful and wanton misconduct, officers and inmates, as agents, servants and employees of Wilkinson County Sheriff Department were guilty of one or more of the following negligent, grossly negligent and/or willful and wanton acts or omissions of the Defendants:

Willfully and wantonly or with gross negligence severely beating the plaintiff, Edward Brown, while Defendants knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to the plaintiff.

As a direct and proximate result of one or more of the Defendants' wrongful actions or omissions, the plaintiff, Edward Brown, sustained severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries.

### COUNT THIRTEEN
*Respondeat Superior*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

In committing the acts alleged in the preceding paragraphs, each of the Defendant

officers were members of and agents of the Wilkinson County Sheriff Department acting at all relevant times within the scope of employment and under color of law.

Defendant, Wilkinson County, is liable as principal for all torts committed by its agents.

## COUNT FOURTEEN
### *Indemnification*

Each of the preceding paragraphs of this Complaint is incorporated as if restated fully herein.

Mississippi law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of employment and under color of law.

Defendant, Wilkinson County, is liable as principal for all torts committed by it agents.

The Defendant, officers, are or were employees of the Wilkinson County Sheriff Department, who acted within the scope of employment in committing the misconduct described herein.

## COUNT FIFTEEN
### *Damages*

Plaintiff herein adopts and incorporates by reference all preceding paragraphs.

As a direct and proximate cause of the acts and omissions of the Defendants, the Plaintiff has suffered severe and permanent injury to his person, pain, suffering, disability, loss of income, mental anguish, humiliation, and various other injuries because of the deprivation of his rights secured by the United States Constitution, federal laws and statutes, and the Constitution of the State of Mississippi, and state laws and statutes.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Edward Brown, respectfully prays that this Court will enter judgment for the Plaintiff as follows:

1. Grant the Plaintiff a preliminary and permanent injunction enjoining the Defendants, their agents, employees and those acting in concert with the Defendants, from maintaining a policy of unconstitutional acts against the Plaintiff.

2. Grant the Plaintiff a declaratory judgment that the acts, policies and practices of the Defendants complained of herein violate the Fourth, Sixth, Eighth, Tenth, and Fourteenth Amendments of the United States Constitution.

3. Grant the Plaintiff lost wages, along with back pay, front pay and other benefits that would have accrued had Plaintiff not suffered the discriminatory acts.

4. Grant the Plaintiff judgment against defendants for compensatory damages in an amount that is fair and reasonable.

5. Grant the Plaintiff judgment against Defendants for punitive or exemplary damages in an amount that is fair and reasonable.

6. Issue a declaratory judgment waiving the requirement to exhaust administrative remedies.

7. Award the Plaintiff his costs herein.

8. Grant the plaintiff such further, additional and different relief as the court may deem just and proper.

## ATTORNEY FEES

The Plaintiff further requests attorney fees pursuant to 42 U.S.C. §1988, and any such other relief provided by this court to which plaintiff may be entitled.

This, the 23 day of February, 2017.

Respectfully submitted,

*Edward Brown*
Edward Brown, Plaintiff

_____
Charles E. Miller, MSB# 8330
Miller & Miller Attorneys at Law
Post Office Box 1303
116 Fifth Avenue (39648)
McComb, Mississippi   39649
Telephone:  (601) 240-0017
Facsimile:  (601)249-0598
charlesemiller@millerlawyers.com

STATE OF MISSISSIPPI
COUNTY OF PIKE

**Personally appeared before me,** the undersigned authority in and for the jurisdiction aforesaid, the named **Edward Brown**, who after being by me first duly sworn, stated on oath that the facts and matters contained in the above and foregoing *First Amended Complaint* is true and correct as therein stated and alleged.

*Edward Brown*
Edward Brown

Sworn to and subscribed before me, this the 23 day of February, 2017.

*Artis M. Wells*
Notary Public

My commission expires:

[Notary Seal: STATE OF MISSISSIPPI, ARTIS M. WELLS, ID No 29405, NOTARY PUBLIC, Comm Expires December 12, 2017, PIKE COUNTY]