# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**EDWARD BROWN**                                                                         **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:16-CV-124-KS-MTP**

**WILKINSON COUNTY SHERIFF'S**
**DEPARTMENT, *et al.***                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Defendants' Motion for Judgment on the Pleadings [16] as to Plaintiff's claims against the Wilkinson County Sheriff's Department and Wilkinson County Board of Supervisors.

The Court also **grants in part and defers ruling in part** on Defendants' Motion for Judgment on the Pleadings [19] as to Plaintiff's federal claims. Specifically, the Court defers ruling on the defense of qualified immunity as applied to Plaintiff's bystander liability claim against Defendant Gloria Ashford, but the Court grants the motion in all other respects.

The Court **grants** Defendants' Motion to Dismiss [22] Plaintiff's state-law claims.

Finally, the Court **grants in part and denies in part** Plaintiff's Motion for Discovery [41]. Specifically, the Court grants the motion as to limited discovery on Plaintiff's bystander liability claim against Defendant Ashford, but the Court denies the motion in all other respects.

The Court instructs the parties to immediately contact the chambers of the

Magistrate Judge to schedule a case management conference in this matter.

## I. BACKGROUND

This case arises from the alleged beating of a pretrial detainee by a group of law enforcement officers and inmates. Plaintiff alleges that he was arrested by the Wilkinson County Sheriff's Department and subsequently beaten while in custody. He claims that a group of deputies and inmates attacked him without provocation, causing serious injuries, including brain swelling, a nose fracture, and rib fractures. He named Wilkinson County, the Wilkinson County Board of Supervisors, the Wilkinson County Sheriff's Department, Sheriff Reginald Lee Jackson, several Sheriff's Deputies, several members of the Board of Supervisors, and three inmates as Defendants. He asserted claims under 42 U.S.C. § 1983 and state tort law. Defendants filed dispositive motions, which the Court now addresses.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS [16]

First, Defendants Wilkinson County Sheriff's Department and the Wilkinson County Board of Supervisors argue that they are not proper defendants because they have no legal existence separate from Wilkinson County. In response [57], Plaintiff agrees that Wilkinson County is the proper party in interest, rather than the Wilkinson County Sheriff's Department and Wilkinson County Board of Supervisors. Therefore, as Plaintiff does not oppose the motion, the Court grants Defendants' Motion for Judgment on the Pleadings [16] as to Plaintiff's claims against the Wilkinson County Sheriff's Department and Wilkinson County Board of Supervisors.

## III. MOTION FOR JUDGMENT ON THE PLEADINGS [19]

Next, Defendants Reginald Lee Jackson, Ed Alexander, Richard L. Hollins, Will Seal, Venton McNabb, Kenyon Jackson, and Jennings Nettles filed a Motion for Judgment on the Pleadings [19] as to Plaintiff's federal claims against them. Defendants C. L. Thompson and Gloria Ashford joined [24] in the motion.[1]

A "motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

---

[1]Throughout the Court's discussion of the pending motions, it will refer to these Defendants as the "individual Defendants." To be clear, the pending motions do not address Plaintiff's claims against the individual *inmate* Defendants – Greg Chambers, Kendrick Davis, and Darrius Kilburn, and nothing in this opinion should be construed as addressing Plaintiff's claims against them.

*Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## A.    *Individual Capacity Claims & Qualified Immunity*

First, the individual Defendants argue that they are entitled to qualified immunity against Plaintiff's federal claims against them in their individual capacity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally a defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

Qualified immunity can be raised at either the pleading or summary judgment stage of litigation. When it is raised at the pleading stage, "[h]eightened pleading" is required. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." *Id.* Plaintiffs must "rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). In other words, a "plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. Leblanc*, 691 F.3d 645, 648 (5th Cir. 2012). The plaintiff must "speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not peculiarly

within the knowledge of defendants." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995).

There are two steps in the Court's analysis. First, the Court determines whether the plaintiff alleged sufficient facts to state a claim that the defendant's "conduct violates an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in the light of clearly established law at the time of the conduct in question." *Id.* The Court may address either step first. *Pearson*, 555 U.S. at 236. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326. The Court "applies an objective standard based on the viewpoint of a reasonable official in light of the information then available to the defendant and the law that was clearly established at the time of the defendant's actions." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir. 2007). Each Defendant's "entitlement to qualified immunity must be considered on an *individual* basis." *Randle v. Lockwood*, No. 16-50393, 2016 U.S. App. LEXIS 20326, at *11 n. 7 (5th Cir. Nov. 10, 2016) (citing *Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007)). Plaintiff asserted several federal claims, and he asserted each federal claim against all Defendants.

### 1. *False Imprisonment/False Arrest (Count One)*

The Fifth Circuit applies the same standard to claims of false arrest and false imprisonment. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see also*

*Peairs v. Jackson Cnty.*, No. 1:13-CV-402-HSO-RHW, 2015 U.S. Dist. LEXIS 129590, at *46 (S.D. Miss. Sept. 25, 2015). Both claims arise from the Fourth Amendment right to be free from unreasonable seizure of one's person. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). "To ultimately prevail on [a] section 1983 false arrest/false imprisonment claim, [Plaintiff] must show that [Defendants] did not have probable cause to arrest him." *Haggerty*, 391 F.3d at 655.

In his Amended Complaint [42], Plaintiff alleged that he "was arrested by the Wilkinson County Sheriff's Department." He did not provide any specific "allegations of fact focusing specifically on the conduct of the individual" or individuals who arrested him. *Reyes*, 168 F.3d at 161. In fact, he did not even allege which individual Defendant arrested him. In short, the Amended Complaint contains no "factual particulars" of the alleged false arrest, *Schultea*, 47 F.3d at 1432, and it does not contain enough facts for the "court to draw the reasonable inference that the [individual defendants are] liable for the harm he has alleged . . . ." *Backe*, 691 F.3d at 648. Therefore, the Court grants Defendants' motion with respect to Plaintiff's Section 1983 claims of false arrest and false imprisonment against the individual Defendants in their individual capacities.

### 2. *Fourteenth Amendment Due Process (Count Two)*

Plaintiff contends that Defendants violated his right to due process secured by the Fourteenth Amendment by failing to "conduct an investigation" or "collect evidence" and "misleading and misdirecting [his] criminal prosecution . . . ." In briefing, Plaintiff provided no additional explanation of the nature of this claim. Likewise,

Plaintiff failed to cite any law explaining the contours or even supporting the existence of such constitutional rights.

The Fifth Circuit has held that law enforcement "officers may be liable for illegal detention under § 1983 for deliberately ignoring exonerative evidence or conducting a reckless investigation." *Hernandez v. Terrones*, 397 F. App'x 954, 965 (5th Cir. 2010). But there is "no freestanding, clearly established constitutional right to be free from a reckless investigation . . . ." *Id.* at 966. Rather, "conducting a reckless investigation could support other claims for violations of established rights," such as illegal detention. *Id.* at 965. Plaintiff has not clearly articulated the nature of this claim, and the Court declines to guess whether Plaintiff intended it to be in support of another constitutional claim, such as illegal detention. Therefore, the Court concludes that Defendants' motion should be granted as to this claim because there is "no freestanding, clearly established constitutional right to be free from a reckless investigation . . . ." *Id.* at 966.

Moreover, the Court notes that Plaintiff failed to provide any specific "allegations of fact focusing specifically on the conduct of the individual" or individuals who allegedly failed to investigate him and misdirected his prosecution. *Reyes*, 168 F.3d at 161. In fact, he did not even allege which individual Defendants were involved in the actions and omissions underlying this claim. The Amended Complaint contains no "factual particulars," *Schultea*, 47 F.3d at 1432, and it does not contain enough facts for the "court to draw the reasonable inference that the [individual defendants are] liable for the harm he has alleged . . . ." *Backe*, 691 F.3d at 648. For all these reasons,

7

the Court grants Defendants' motion with respect to Count Two of the Amended Complaint as it is asserted against the individual Defendants in their individual capacities.

### 3.  Sixth Amendment Right to Counsel (Count Three)

Plaintiff alleges that Defendants "denied [him] his right to counsel in violation of his constitutional rights." Plaintiff provided no facts in support of this claim. He did not explain how Defendants violated his Sixth Amendment right to counsel, and he did not allege any specific facts as to any individual Defendant. The Amended Complaint contains no "factual particulars" regarding this claim. *Schultea*, 47 F.3d at 1432. Accordingly, the Court can not "draw the reasonable inference that the [individual defendants are] liable for the harm [Plaintiff] has alleged . . . ." *Backe*, 691 F.3d at 648. The Court grants Defendants' motion with respect to Count Three of the Amended Complaint as it is asserted against the individual Defendants in their individual capacities.

### 4.  Equal Protection (Count Four)

Plaintiff alleges that Defendants "denied Plaintiff equal protection of the law in violation of his constitutional rights." More specifically, he alleges that "Defendants actively participated in, or personally caused, misconduct in terms of abusing minority criminal suspects in a manner calculated to bring about arrest, false imprisonment and severe unjust imprisonment." He alleges that Defendants' "misconduct was motivated by racial animus and constituted purposeful discrimination," and that it "affected minorities in a grossly disproportionate manner [than] similarly-situated Caucasian

8

individuals."

"The Equal Protection Clause directs that persons similarly situated should be treated alike . . . . To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Phrased differently, Plaintiff must allege sufficient facts to demonstrate "that he received different treatment from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

The only specific factual allegation Plaintiff alleged as to any of the individual Defendants was that Defendant Gloria Ashford "could be heard chanting 'get him, get him,'" as other officers and inmates beat him while he was in custody. Plaintiff did not allege that Ashford used any racial epithets, or that she would not behave similarly if officers were beating a white detainee. Therefore, Plaintiff's allegation as to Ashford is not sufficient to demonstrate that she treated him differently than she would a white detainee, and that the unequal treatment was because of his race. *Id.*

As for the remaining individual Defendants, Plaintiff alleged no facts whatsoever regarding their involvement in the alleged beating. The Amended Complaint contains no "factual particulars" regarding their alleged involvement in the actions underlying his equal protection claim. *Schultea*, 47 F.3d at 1432. Accordingly, the Court can not "draw the reasonable inference that the [individual defendants are] liable for the harm [Plaintiff] has alleged . . . ." *Backe*, 691 F.3d at 648. The Court

9

grants Defendants' motion with respect to Count Four of the Amended Complaint as it is asserted against the individual Defendants in their individual capacities.

5.    *Conspiracy (Count Five)*

"To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). "Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987). The plaintiff must provide "material facts," *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986), or "factual allegations from which a conspiracy to violate [his] rights can reasonably be inferred . . . ." *Lynch*, 810 F.2d at 1370.

Plaintiff alleged no facts whatsoever regarding the Defendants' alleged conspiracy. The Amended Complaint contains no "factual particulars" regarding their alleged agreement, *Schultea*, 47 F.3d at 1432, or any "operative facts" underlying the conspiracy claim. *Lynch*, 810 F.2d at 1370. Plaintiff merely pleaded the elements of a Section 1983 conspiracy claim without any factual support. Accordingly, Plaintiff did not plead sufficient facts to state a claim of conspiracy under Section 1983 or defeat Defendant's qualified immunity defense. The Court grants Defendants' motion with respect to Count Five of the Amended Complaint as it is asserted against the individual Defendants in their individual capacities.

6.    *Failure to Intervene (Count Six)*

Plaintiff also alleges that Defendants "stood by without intervening to prevent the" alleged beating. "[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). "[A]n officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Hamilton v. Kindred*, 845 F.3d 659, 663 (5th Cir. 2017).

As noted above, Plaintiff alleged that Defendant Gloria Ashford "could be heard chanting 'get him, get him,'" as other officers and inmates beat him while he was in custody. This allegation is specific enough to satisfy the heightened pleading standard applied when qualified immunity is asserted, and it can reasonably be construed – by a slim margin – as satisfying the elements of a bystander liability claim. At the very least, it is sufficient to state a plausible claim that Ashford "acquiesced in" the alleged constitutional violation. *Whitley*, 726 F.3d at 647. In the Fifth Circuit, it is clearly established "that an officer could be liable as a bystander in a case involving excessive force if [she] knew a constitutional violation was taking place and had a reasonable opportunity to prevent the harm." *Hamilton*, 845 F.3d at 663. Moreover, chanting "get him, get him" while other officers and inmates beat Plaintiff is an objectively unreasonable response in light of this clearly established law. Therefore, the Court finds that Plaintiff barely alleged sufficient facts to state a plausible claim of bystander

11

liability under Section 1983 against Defendant Ashford.

However, as noted below, the Court "may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). If the plaintiff "plead[s] specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity," the Court "may defer its qualified immunity ruling and order limited discovery . . . ." *Id.* Accordingly, the Court defers ruling on Defendant Ashford's qualified immunity defense as to this claim until the parties have conducted limited discovery on this issue.

As for the remaining Defendants, the Amended Complaint contains no "factual particulars" regarding their alleged actions or omissions, *Schultea*, 47 F.3d at 1432, or any "operative facts" regarding their involvement in the bystander liability claim. *Lynch*, 810 F.2d at 1370. Therefore, Plaintiff did not plead sufficient facts to state a Section 1983 bystander liability claim against them. The Court defers ruling on Defendants' motion with respect to Count Six of the Amended Complaint as it pertains to Defendant Ashford in her individual capacity, but the Court grants the motion with respect to Count Six of the Amended Complaint as it pertains to the remaining individual Defendants in their individual capacities.

### 7. *Discrimination (Count Seven)*

While labeled as a claim of "discrimination" under Section 1983, Count Seven of the Amended Complaint appears to be another Equal Protection claim. The

allegations are exactly the same as Count Four. Therefore, the Court grants Defendants' motion with respect to Count Seven of the Amended Complaint as it is asserted against the individual Defendants in their individual capacities, for the same reasons provided above.

### 8.    *Eighth Amendment (Count Eight)*

Plaintiff alleges that Defendants subjected him to "cruel and unusual conditions of confinement" that violate the Eight Amendment. "The Eighth Amendment prohibits the infliction of 'cruel and unusual punishments' on convicted criminals and extends to deprivations suffered during imprisonment." *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016). Therefore, the Eighth Amendment secures convicted prisoners' rights to safety and basic medical care, while the Fourteenth Amendment secures the same rights for pretrial detainees. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016); *Jacobs v. W. Feliciana Sheriff's Dep't*, 228 F.3d 388, 393 (5th Cir. 2000).

It is undisputed that Plaintiff had not been convicted of any crime at the time of the alleged constitutional deprivations. Rather, he was a pretrial detainee. Therefore, the Court grants Defendants' motion with respect to any Eighth Amendment claim asserted in Count Eight of the Amended Complaint as it is asserted against the individual Defendants in their individual capacities.[2]

---

[2]At the beginning of Plaintiff's Amended Complaint, he cited the Fourteenth Amendment, but in Count Eight – a claim apparently predicated on deprivation of medical care, excessive force, and unreasonable seizure – he only cited the Eighth Amendment. As noted above, the Eighth Amendment is irrelevant to claims asserted by a pretrial detainee. Although it does not appear that Plaintiff asserted similar claims under the Fourteenth Amendment, some of the cases cited in his

9.      *Failure to Train or Supervise (Count Nine)*

"Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). "To establish § 1983 liability against supervisors, the plaintiff must show that: (1) the [supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Id.*

"[T]he misconduct of a subordinate must be conclusively linked to the action or inaction of the supervisor," and the deliberate indifference standard is a "stringent" one, requiring that "the supervisory actor disregarded a known consequence of his action." *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169-70 (5th Cir. 2010). "To establish deliberate indifference, a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th

supplemental briefing appear to address Fourteenth Amendment claims by pretrial detainees.

In summary, the Court has no idea what Plaintiff intended to plead. If he intended to plead Section 1983 claims for violation of his Fourteenth Amendment rights as a pretrial detainee to receive necessary medical treatment and to be free from the use of excessive force, he has not done so. No such claim is currently before the Court. *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005). Even if the Court were to deem Plaintiff's muddled pleading sufficient to provide Defendants with notice of such claims, it would not be appropriate for the Court to address them in the present opinion, insofar as Defendants did not address them in their initial motions.

Cir. 2009). "Furthermore, for a supervisor to be liable for failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform," and the "plaintiff must allege with specificity how a particular training program is defective." *Id.*

The Amended Complaint contains no "factual particulars" regarding Defendants' alleged failure to train or supervise, *Schultea*, 47 F.3d at 1432, or any "operative facts" indicating that they may be liable for failure to train or supervise. *Lynch*, 810 F.2d at 1370. Therefore, Plaintiff did not plead sufficient facts to state a Section 1983 claim for failure to train or supervise against any of the individual Defendants. The Court grants Defendants' motion with respect to Count Nine of the Amended Complaint as it pertains to the individual Defendants in their individual capacities.

## B.  *Board of Supervisors & Policymaking (Count Ten)*

Defendants Richard Hollins, Will Seal, Venton McNabb, and Jennings Nettles (the "Supervisor Defendants") argue that Plaintiff's claims against them in their individual capacities must be dismissed. The Supervisor Defendants contend that Plaintiff's claims arise from their legislative acts as members of the Wilkinson County Board of Supervisors. Accordingly, they argue that 1) as a matter of law, they are not policymakers with respect to law enforcement decisions in Wilkinson County, and 2) they enjoy absolute immunity from suit for their legislative activities. In response, Plaintiff argues that the Supervisor Defendants may be liable under Section 1983 for their failure to train or supervise.

First, the Court notes that Plaintiff pleaded no "factual particulars" regarding

any of the Defendants' alleged failure to train or supervise, *Schultea*, 47 F.3d at 1432, or any "operative facts" indicating that they may be liable for failure to train or supervise. *Lynch*, 810 F.2d at 1370. Therefore, Plaintiff did not plead sufficient facts to state a claim under Section 1983 for failure to train or supervise against any of the individual Defendants in their individual capacities.

Next, under Mississippi law, a county's sheriff – not its board of supervisors – is the "final policymaker" for law enforcement decisions. *Waltman v. Payne*, 535 F.3d 342, 350 (5th Cir. 2008); *see also Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996). Therefore, the Supervisor Defendants had no authority to train or supervise any law enforcement officers, and Fifth Circuit precedents indicate that Section 1983 defendants can not be liable for failing to supervise officers when they have no legal authority to do so. *See, e.g. Whitley*, 726 F.3d at 645; *Blank v. Bell*, 634 F. App'x 445, 449 (5th Cir. 2016).

Finally, Section 1983 "did not abrogate the absolute immunity enjoyed by legislators for actions taken within the legitimate sphere of legislative authority." *Loupe v. O'Bannon*, 824 F.3d 534, 537 (5th Cir. 2016). Indeed, the "immunity of legislators for acts within the legislative role" is an "entrenched feature of our § 1983 jurisprudence." *Id.* Plaintiff's claims against the Supervisor Defendants arise from their actions as legislators. Plaintiff alleged that they "established policies and procedures for the Wilkinson County Sheriff Department," and that they had a duty "to refrain from enforcing or continuing in effect" certain policies and procedures. Plaintiff did not allege any "individual act of a supervisor as having causal relation to

the subject matter of this litigation and the personal injuries sustained by plaintiff . . . ." *Roberts v. Williams*, 302 F. Supp. 972, 985 (N.D. Miss. 1969). Rather, all of his allegations concern their joint actions as a legislative body. Accordingly, each of the Board Defendants enjoys legislative immunity from liability in their individual capacity for Plaintiff's claims. The Court grants Defendants' motion in this respect.

## C. Conclusion

For the reasons provided above, the Court grants in part and defers ruling in part on Defendants' Motion for Judgment on the Pleadings [19] as to Plaintiff's federal claims. Specifically, the Court defers ruling on Plaintiff's bystander liability claim against Defendant Gloria Ashford, but the Court grants the motion in all other respects.

## IV. MOTION TO DISMISS [22]

Defendants Wilkinson County Sheriff's Department, Wilkinson County Board of Supervisors, Reginald Lee Jackson, Ed Alexander, Richard L. Hollins, Will Seal, Venton McNabb, and Jennings Nettles filed a Motion to Dismiss [22] Plaintiff's state-law claims. Defendants C. L. Thompson and Gloria Ashford joined [25] in the motion.[3]

## A. Board of Supervisors & Sheriff's Department

First, the Court has already granted the Motion for Judgment on the Pleadings [16] filed by the Wilkinson County Sheriff's Department and Wilkinson County Board

---

[3]Again, the Court will refer to these Defendants as the "individual Defendants." The present motions do not address Plaintiff's claims against the inmate Defendants – Greg Chambers, Kendrick Davis, and Darrius Kilburn.

of Supervisors. Plaintiff agreed that neither the Sheriff's Department nor Board of Supervisors were proper parties in interest insofar as neither exists as a legal entity separate from the County itself. Therefore, all claims asserted against them will be construed as claims against Wilkinson County.

## B.    *Assault & Battery*

### 1.    *Wilkinson County*

The Mississippi Tort Claims Act ("MTCA") "provides the exclusive remedy against a governmental entity or its employees" under Mississippi law. *Covington County Sch. Dist. v. Magee*, 29 So. 3d 1, 4 (Miss. 2010). The MTCA reaffirmed the sovereign immunity of Mississippi and its political subdivisions. MISS. CODE ANN. § 11-46-3(1). But the State waived its sovereign immunity in certain circumstances. MISS. CODE ANN. § 11-46-5(1). The Act specifically provides that "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation, or any criminal offense." MISS. CODE ANN. § 11-46-7(2). Both assault and battery constitute "some form of malice or criminal offense," and, therefore, the County enjoys sovereign immunity against these claims. *McBroom v. Payne*, No. 1:06-CV-1222-LG-JMR, 2010 U.S. Dist. LEXIS 107124, at *23-*24 (S.D. Miss. Oct. 6, 2010); *see also Holloway v. Lamar County*, No. 2:15-CV-86-KS-MTP, 2015 U.S. Dist. LEXIS 168119, at *13 (S.D. Miss. Dec. 16, 2015), *rev'd in part on other grounds* 2017 U.S. App. LEXIS 3130 (5th Cir. Feb. 22, 2017); *Lewis v. Marion County*, No. 2:13-CV-76-KS-MTP, 2013 U.S. Dist. LEXIS 102758, at *3 (S.D. Miss. July 23, 2013).

In response to Defendant's motion, Plaintiff failed to address the statutory law cited above. Instead, Plaintiff cited a variety of cases addressing federal claims under Section 1983, and Plaintiff argued that the claims were actionable under the Constitution of the State of Mississippi. To be clear, Plaintiff's clams of assault and battery were not pleaded in the Amended Complaint as either Section 1983 claims or state constitutional claims. Rather, they were pleaded as tort claims. Therefore, no Section 1983 or state constitutional claims of assault and battery are currently before the Court.

### 2. *Individual Defendants*

The individual Defendants argue that Plaintiff's claims of assault and battery are barred by the applicable statute of limitations. The statute provides: "All actions for assault, [or] assault and battery . . . shall be commenced within one (1) year next after the cause of such action accrued." MISS. CODE ANN. § 15-1-35. An assault claim accrues on the date of injury. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1217 (Miss. 1990); *Gilmer v. Trowbridge*, No. 3:08-CV-136-TSL-JCS, 2009 U.S. Dist. LEXIS 109136, at *11-*12 (S.D. Miss. Nov. 23, 2009). Likewise, a battery claim accrues on the date of injury. *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 632, 641 (N.D. Miss. 2013); *Buchanan v. Gulfport Police Dep't*, No. 1:08-CV-1299-LG-RHW, 2011 U.S. Dist. LEXIS 157413, at *11 (S.D. Miss. Feb. 3, 2011). Plaintiff alleged that the injury occurred on August 17, 2015, but he filed this suit on December 14, 2016 – over one year after the injury occurred. Therefore, his claims of assault and battery are barred by the applicable statute of limitations.

Plaintiff argues that his claims of assault and battery are not barred by the applicable statute of limitations because of the MTCA's tolling provision. *See* MISS. CODE ANN. § 11-46-11(3). However, the MTCA's notice and tolling provisions "are not applicable to a government employee sued in his individual capacity for actions not within the course and scope of his employment." *McGehee v. DePoyster*, 708 So. 2d 77, 78 (Miss. 1998). By definition, a government employee is not "acting within the course and scope of his employment" if his conduct "constituted fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations," MISS CODE ANN. § 11-46-7(2), and as explained above, both assault and battery constitute "some form of malice or criminal offense." *McBroom*, 2010 U.S. Dist. LEXIS 107124 at *23-*24. Therefore, Plaintiff's claims of assault and battery fall outside the scope of the MTCA, and they are subject to the general statute of limitations for intentional torts located at MISS. CODE ANN. § 15-1-35. *Ducksworth v. Rook*, No. 2:14-CV-146-KS-MTP, 2015 U.S. Dist. LEXIS 79173, at *6 (S.D. Miss. June 18, 2015); *Borgognoni v. City of Hattiesburg*, No. 2:13-CV-HSO-RHW, 2015 U.S. Dist. LEXIS 157619 (S.D. Miss. Mar. 31, 2015).

## C.    *Negligence*

Defendants argue that Plaintiff's negligence claims are barred by the MTCA's "inmate exception." Plaintiff did not respond to this argument in briefing. The MTCA provides, in relevant part: "A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [o]f any claimant who at the time the claim arises is an inmate of any detention center, jail,

. . . or other such institution . . . ." MISS. CODE ANN. § 11-46-9(1)(m). The statute "does not make any distinctions between 'convicted' and 'non-convicted' inmates," and, therefore, it applies to pretrial detainees. *Liggans v. Coahoma County Sheriff's Dept.*, 823 So. 2d 1152, 1155 (Miss. 2002). In fact, the statute "does not contemplate any distinction between inmates being detained pursuant to a lawful court order and unlawfully-held detainees," such as those alleging false imprisonment. *Fleming v. Tunica County Miss.*, 497 F. App'x 381, 389 (5th Cir. 2012). Therefore, as Plaintiff alleged that he was an inmate at the time his claims arose, neither the County nor the individual Defendants may be held liable for his negligence claims.

Additionally, Plaintiff specifically alleged that the individual Defendants "were acting in the course and scope of their employment." The MTCA does not exclude negligence claims from the definition of "course and scope of employment," as it does certain intentional torts. *See, e.g.* MISS. CODE ANN. § 11-46-5(2). But it does provide that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." MISS. CODE ANN. § 11-46-7(2). Therefore, the individual Defendants may not be held liable in their individual capacities for Plaintiff's negligence claims.

## D.    *Punitive Damages*

Defendants argue that punitive damages are not available for Plaintiff's state-law claims. Candidly, the Court does not know what state-law claims, if any, remain. Regardless, the MTCA provides: "No judgment against a government entity or its employee for any act or omission for which immunity is waived under this chapter

shall include an award for exemplary or punitive damages . . . ." MISS. CODE ANN. § 11-46-15(2). Therefore, Plaintiff can not recover punitive damages from the County or the individual Defendants in their official capacities under state law. *Seibert v. Jackson County*, No. 1:14-CV-188-KS-MTP, 2015 U.S. Dist. LEXIS 102632, at *28-*29 (S.D. Miss. Aug. 5, 2015). However, this provision does not bar the recovery of punitive damages for any claim falling outside the scope of the MTCA. *See Meaux v. Miss. Dep't of Public Safety*, No. 1:14-CV-323-KS-RHW, 2015 U.S. Dist. LEXIS 73749, at *10-*11 (S.D. Miss. June 8, 2015).

## F.    *Jury Demand*

Finally, Defendants argue that Plaintiff's claims subject to the MTCA must be tried by the Court, rather than by a jury. Defendants are correct. The MTCA provides: "The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter." MISS. CODE ANN. § 11-46-13(1). Therefore, to the extent that any such claims remain, Plaintiff's state-law claims within the scope of the MTCA must be tried by the Court, rather than a jury.

## V. MOTION FOR DISCOVERY [41]

Plaintiff filed a motion seeking leave to conduct limited discovery before the Court addresses Defendants' qualified immunity defenses. The Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Hinojosa*, 807 F.3d at 664.

First, the district court must determine that the plaintiff's pleadings

assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and order limited discovery if the court remains unable to rule on the immunity defense without further clarification of the facts.

*Id.* (citations omitted). In other words, if a plaintiff has not alleged sufficient facts to defeat a qualified immunity defense, then the Court may not defer its qualified immunity ruling pending limited discovery. But if a plaintiff alleged sufficient facts to defeat a qualified immunity defense, and the Court desires further clarification of the facts, it may defer ruling on the issue of qualified immunity pending the completion of limited discovery.

As noted above, Plaintiff only alleged a single specific fact as to one of the individual Defendants. He alleged that Defendant Gloria Ashford "could be heard chanting 'get him, get him,'" as other officers and inmates beat him while he was in custody. The Court held that Plaintiff had satisfied the qualified immunity heightened pleading standard, and that this allegation could reasonably be construed as satisfying the elements of a bystander liability claim under Section 1983. Accordingly, the Court deferred ruling on Defendant Ashford's qualified immunity defense, pending the completion of limited discovery. However, Plaintiff failed to allege any specific facts whatsoever as to any of the other individual Defendants or the remainder of the Section 1983 claims pleaded in the Amended Complaint. Therefore, the Court grants Plaintiff's Motion for Discovery [41] as to the bystander liability claim against

Defendant Gloria Ashford, but the Court denies it in all other respects.

## VI. CONCLUSION

For these reasons, the Court **grants** Defendants' Motion for Judgment on the Pleadings [16] as to Plaintiff's claims against the Wilkinson County Sheriff's Department and Wilkinson County Board of Supervisors.

The Court also **grants in part and defers ruling in part** on Defendants' Motion for Judgment on the Pleadings [19] as to Plaintiff's federal claims. Specifically, the Court defers ruling on the defense of qualified immunity as applied to Plaintiff's bystander liability claim against Defendant Gloria Ashford, but the Court grants the motion in all other respects.

The Court **grants** Defendants' Motion to Dismiss [22] Plaintiff's state-law claims.

The Court **grants in part and denies in part** Plaintiff's Motion for Discovery [41]. Specifically, the Court grants the motion as to limited discovery on Plaintiff's bystander liability claim against Defendant Ashford, but the Court denies the motion in all other respects.

The Court instructs the parties to immediately contact the chambers of the Magistrate Judge to schedule a case management conference in this matter.

Finally, Plaintiff asserted fifteen different "counts" in his Amended Complaint [42]. He generally asserted each count against all Defendants, and – as noted repeatedly above – he failed to provide factual support for most of his claims. In fact, he only asserted *one* specific fact as to *one* individual Defendant. At times, Plaintiff's

theories of liability were vague, and it was difficult for the Court to discern the nature of Plaintiff's claims or the specific constitutional rights that he alleged had been violated. Candidly, Plaintiff's pleading was so imprecise that the Court is unable to discern what claims, if any, remain for adjudication after the rulings on Defendants' dispositive motions.

When confronted with such imprecise pleading, the Court relies on the parties' briefing to narrow the legal and factual issues and bring the case into focus – particularly when conducting a fact-intensive qualified immunity analysis. To their credit, Plaintiff's counsel conceded that Wilkinson County, rather than the Wilkinson County Sheriff's Department or Wilkinson Count Board of Supervisors, is the proper municipal party in interest. But Plaintiff's counsel failed to bring the great bulk of Plaintiff's claims into focus.

Federal judges in this state have repeatedly admonished attorneys for a "shotgun approach to pleadings," in which one "heedlessly throws a little bit of everything into his complaint in the hopes that something will stick." *S. Leasing Partners, Ltd. v. McMullen*, 801 F.2d 783, 788 (5th Cir. 1986).[4] In fact, the Court

---

[4]*See, e.g. Newberry v. Champion*, No. 3:16-CV-143-DMP-RP, 2017 U.S. Dist. LEXIS 38729, at *4-*5 (S.D. Miss. Mar. 17, 2017); *Copeland v. Axio Mortg. Group LLC*, No. 1:16-CV-159-HSO-JCG, 2016 U.S. Dist. LEXIS 106249, at *10-*14 (S.D. Miss. Aug. 11, 2016); *Ducksworth*, 2015 U.S. Dist. LEXIS 20563 at *14-*16; *Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 22052, at *5 n. 3 (S.D. Miss. Feb. 21, 2014); *Ward v. Life Investors Ins. Co. of Am.*, 383 F. Supp. 2d 882, 889 (S.D. Miss. 2005); *Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-28-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *5 n. 1 (S.D. Miss. Sept. 25, 2013); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 24420, at *27 (S.D. Miss. Feb. 27, 2012).

recently sanctioned an attorney for vexatiously multiplying proceedings with shotgun pleading and argumentation. *See Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2015 U.S. Dist. LEXIS 42118, at \*9-\*15 (S.D. Miss. Mar. 31, 2015), *aff'd* 2017 U.S. App. LEXIS 4495 (5th Cir. Mar. 14, 2017).

The Eleventh Circuit astutely described the problems that "shotgun pleading" causes:

> If the trial judge does not quickly demand repleader, all is lost – extended and aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits. Given the massive record and loose pleadings before it, the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials; the case therefore proceeds to trial without proper delineation of issues, as happens frequently. An appeal ensues, and the court of appeals assumes the trial court's responsibility of sorting things out. The result is a massive waste of judicial and private resources; moreover, the litigants suffer, and society loses confidence in the courts' ability to administer justice.

*Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (punctuation, internal citations omitted). The Fifth Circuit has observed that "shotgun pleading" of this sort treads dangerously close to Rule 11 territory. *McMullan*, 801 F.2d at 788 ("If Rule 11 is to mean anything and we think it does, it must mean an end to such expeditionary pleadings."); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125-28 (11th Cir. 2014) (decrying shotgun pleading and the "discovery goat rodeo" that inevitably follows it).

Vague, imprecise "shotgun" pleading clouds the legal and factual issues in a case. At best, it indicates an attorney's failure to fully analyze the case and adopt a coherent defense or theory of liability. At worst, it constitutes intentional obfuscation.

Regardless of the attorney's motivation, it escalates the cost of litigation for both the parties and the Court, requiring voluminous discovery and motions to pinpoint the specific issues for trial – a task that Rule 11 requires attorneys to perform, to some degree, before they file a pleading. *See* FED. R. CIV. P. 11(b)(2). Moreover, shotgun pleading hurts one's client insofar as precise, well-honed pleading and argumentation will almost always reap better results than a scattershot approach. The Court advises Plaintiff's counsel to be mindful of this admonition in the future.

SO ORDERED AND ADJUDGED this __24th__ day of April, 2017.

_s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE