IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

EDWARD BROWN                                                                        PLAINTIFF

v.                                              CIVIL ACTION NO. 5:16-CV-124-KS-MTP

WILKINSON COUNTY SHERIFF
DEPARTMENT, et al.                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [129] filed by Defendant Gloria Ashford in her individual capacity and the Motion for Summary Judgment [136] filed by Defendants Reginald Jackson and Ed Alexander in their official capacities. After considering the submissions of the parties, the record, and the applicable law, the Court finds that these motions are well taken and should be granted.

**I. BACKGROUND**

On December 14, 2016, Plaintiff Edward Brown ("Plaintiff") brought this action against various defendants. All claims have been dismissed except for the bystander liability claim under 42 U.S.C. § 1983 against Defendant Gloria Ashford ("Ashford") in her individual capacity and the § 1983 claims against the individual defendants in their official capacities.[1]

Plaintiff's claims against the remaining defendants center on an incident that occurred while Plaintiff was in the custody of the Wilkinson County Sheriff's Department. During this incident, Plaintiff was beaten by three inmates. Ashford was on duty at the jail during this time.

---

[1] In its previous Order [58], the Court dismissed all claims against Wilkinson County Sheriff's Department and Wilkinson County Board of Supervisors. It further dismissed all federal claims against the individual deputies in their individual capacities, except for the § 1983 claim for bystander liability against Ashford, which it deferred ruling on. The Court also dismissed all state law claims. Additionally, all claims against the inmate defendants were dismissed for failure to prosecute in the Court's Order [63].

## II.  DISCUSSION

A.    **Standard of Review**

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

### B. Ashford's Motion for Summary Judgment [129]

The only claim pending against Ashford is Plaintiff's § 1983 claim for excessive force, brought against her on the basis of bystander liability.[2] For an officer to be liable under § 1983 under a theory of bystander liability, the officer must "(1) know[] that a fellow officer is violating an individual's constitutional rights; (2) ha[ve] a reasonable opportunity to prevent the harm, and (3) choose[] not to act." *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002)).

The Court originally allowed this claim to go forward because there were allegations that Ashford's fellow deputies participated in Plaintiff's assault. However, there has been no evidence that any deputy actually did participate.[3] Plaintiff has cited no authority, and the Court knows of none, that would allow Ashford to be held accountable under bystander liability for actions of Plaintiff's fellow inmates. Furthermore, because there is no evidence that the inmates be construed to be state actors in any way, their assault was not a constitutional violation. The Court therefore finds that Ashford cannot be held liable under § 1983 as a bystander and that her Motion for Summary Judgment [129] should be **granted**. Plaintiff's § 1983 against Ashford will be **dismissed with prejudice**.

---

[2] For the first time in response to this motion, Plaintiff brings theories of failure to protect and delay in providing medical care. These theories of liability will not be considered as they were never referenced by Plaintiff in any of his pleadings and to allow such an amendment this late in the litigation would greatly prejudice Defendants.

[3] Plaintiff himself admits in response that he "was severely beaten by inmates and suffered head injuries and memory loss." (Memo. in Response [155] at p. 1.)

## C. Jackson and Alexander's Motion for Summary Judgment [136]

All claims of the individual defendants in their official capacities are the same as claims against the County.[4] *See Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985). Under *Monell v. Department of Social Services*, the County is not liable under § 1983 "solely because its employee committed a constitutional tort." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, "to hold a municipality liable under § 1983, the plaintiff must prove three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal quotations omitted). Here, Plaintiff has failed to demonstrate any underlying violation of his constitutional rights. Therefore, the claims against Jackson and Alexander, as well as the claims that remain pending against all individual defendants in their official capacity, must be **dismissed with prejudice**. The Motion for Summary Judgment [136] will be **granted**.

## D. Other pending motions

Because all claims have been dismissed in this case, all other pending motions in this matter will be **denied as moot** and this case will be closed.

### III. CONCLUSION

IT IS THEREFORE ORDERD AND ADJUDGED that the Motion for Summary Judgment [129] is **granted**.

---

[4] Although only Jackson and Alexander filed the Motion for Summary Judgment [136], the same legal reasoning applies to all claims against the individual defendants in their official capacity. Therefore, summary judgment will be granted to all the official capacity claims. Ordinarily, when the Court issues such a *sua sponte* grant of summary judgment, the opposing party would get an opportunity to respond. Because Plaintiff has had an opportunity to respond to these arguments and because the Court finds them unpersuasive, the Court believes that a response would be futile.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Summary Judgment [136] is **granted**.

All pending claims in this matter are **dismissed with prejudice**.  All pending motions are **denied as moot**.

SO ORDERED AND ADJUDGED, on this, the 4th day of April, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE